CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ARTIS BAINES, et al.,** | ) | |
| **Plaintiffs,** | ) | Civil Action No. 7:07cv00179 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LARRY HUFFMAN,** | ) | **By: Hon. Glen E. Conrad** |
| **Defendant.** | ) | **United States District Judge** |

Proceeding pro se, plaintiffs Artis Baines, #239161; Jamal Dorsey, #348088; Thomas A. Dowery, #353063; and Lynwood Thrower, #303520, all inmates in the segregated housing unit at Red Onion State Prison ("ROSP"), bring this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Plaintiffs allege that defendant, Larry Huffman, the Regional Director of the Western Region for the Virginia Department of Corrections, has violated their constitutional rights by placing "carabiner locks and chains" on the cell doors in the segregated housing unit ("SHU"), thus preventing the doors from being opened automatically in the event of a fire. Plaintiffs seek punitive and compensatory damages and injunctive relief.

Upon review of the record, the court concludes that the plaintiffs have not stated a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[1] Artis Baines requests that this matter be maintained as a class action on behalf of "at least 700 inmates in the segregation units at Red Onion State Prison," and asserts that he and the other plaintiffs are "representative parties" who "will fairly and adequately protect the interest of the class." While class actions are appropriate in § 1983 litigation, Kirby v. Blackledge, 530 F.2d 583, 588 (4th Cir.1976), a class cannot be certified if a pro se litigant purports to act as a representative of the class, Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975). Accordingly, plaintiff cannot bring this suit as a class action. Nonetheless, the court will consider his complaint as an individual suit brought pursuant to 42 U.S.C. § 1983. Additionally, inasmuch as the other named plaintiffs have submitted declarations "under penalty of perjury" stating their claim, their desire to join this action as plaintiffs, and that they have exhausted their administrative remedies, the court will join them as plaintiffs.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

# I.

## FACTUAL SUMMARY

Plaintiffs allege that, since 2003,

> [t]here have been carabiner[3] locks and chains placed in the upper right hand corner of all the cell doors in the segregation units, which prevents the cell doors from opening by use of computer and each and every cell in the segregation unit has to be opened by hand in case of an emergency.

In plaintiffs' view, the "[u]se of these carabiner locks and chains on the cell doors forces inmates to live in 'fire traps' because inmate cell doors have to be opened by hand if a fire were to occur in the prison," and "[t]his forces inmates to face an unreasonable risk of death by fire . . . ." The use of the carabiner locks, plaintiffs allege, "amounts to failure to provide a master unlocking system . . . ." Plaintiffs argue that

> [c]ell doors are controlled by computer and can only be opened by an officer in the control booth. Even without the use of these locks and chains on cell doors, inmates cannot open cell doors on their own. Therefore the use of these locks and chains serves no security purpose and are not needed to secure the cell doors . . . .

According to plaintiffs, Mr. Huffman's "failure to correct" this alleged constitutional violation constitutes deliberate indifference to "basic human needs," "accident prevention," and "life-threatening conditions such as unreasonable risk of death by fire."

At the first stage of the inmate grievance procedure, plaintiff Artis Baines[4] filed an Informal Complaint Form dated February 7, 2007, stating that "chains and locks [had been] added to cell doors in the segregation units." On February 12, 2007, the Informal Complaint Form was returned

---

[3] A "carabiner" is an oblong metal ring with a spring clip, such as the "locking D" mechanism used in mountaineering to attach a running rope to a piton or similar device.

[4] Baines is the only plaintiff who presents documentation of having exhausted the available administrative remedies; however, as previously noted, the other plaintiffs have verified that they have exhausted the grievance process.

2

to him with the following comment by the reviewing staff member:

> There were no additional chains or locks added to your cell door which would prevent it from opening. There is one quick release carabiner clip attached which is not a violation. The clips are quickly removed in an emergency event. There is or will be a quick release clip on your cells [sic] trayslot but [that] does not affect the door from [sic] opening/closing.

On February 13, 2007, Baines filed a Regular Grievance Form, arguing that he "would like all these metal carabiner clips removed from the upper right hand corner of the cell doors" because the locks prevent "the door from opening unless it is open [sic] by hand." He added that "[t]hese locks serves [sic] no security purpose, violates federal safety laws and also violates my 8th and 14th Amendment rights to the U.S. Constitution . . . ." Baines received a Level I response from Tracy Ray, the Warden at ROSP. The response stated, in pertinent part:

> **Investigation**: The carabiner clips that Red Onion is using for security enhancement of the cell doors have been approved and are consistent with the VUSBC (Building Code) as an occupancy condition. There has been no violation.
>
> **Policy/Procedure**: The Virginia Building Code governs this issue.
>
> In accordance with the above information, this grievance is considered to be **UNFOUNDED**, as procedures have been correctly applied. No further action appears to be necessary at this time.

Baines appealed this decision to the Regional Director, whose Level II response stated, in pertinent part:

> Your grievance appeal has been reviewed along with the Level I response and your original complaint. Your complaint that the original locks on cell doors in the Segregation Pods are a fire hazard has been investigated. Investigation revealed that the additional locks you refer to are actually carabiner clips that have been inspected and approved and are in compliance with VUSBC (Building Code) as an occupancy condition. Your claim could not be substantiated. The Virginia Building Code governs this issue.

Thus, indicating that his Level II response was "the last level of appeal for this grievance,"

3

the Regional Director upheld Warden Ray's Level I response.

## II.

## DISCUSSION

While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Reaffirming Shrader v. White, 761 F.2d 975, 979 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit stated in Strickler:

> The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.

989 F.2d at 1381.

Significantly, the Court of Appeals in Shrader v. White held that the risk of harm by fire or smoke did not constitute cruel and unusual punishment. 761 F.2d at 984-85. Addressing, inter alia, a group of plaintiffs' complaints about fire safety at Virginia State Penitentiary ("VSP"), a maximum

4

security prison, the <u>Shrader</u> Court stated:

> The record reveals that deficiencies in fire safety do exist at VSP, and that some of the problems, such as the single means of egress from each cellhouse, violate Virginia Fire Safety Regulations. However, as noted by the magistrate [judge below], such "safety codes do not establish the constitutional minima," <u>Ruiz v. Estelle</u>, 679 F.2d 1115, 1153 (5th Cir.1982) (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520 at 543 n. 27 (1979)), which are "whether the actual conditions of confinement . . . are cruel and unusual." <u>Nelson v. Collins</u>, 659 F.2d 420, 426 (4th Cir.1981). The deficiencies in fire safety at VSP, whether considered alone or in combination with other conditions, do not constitute cruel and unusual punishment.

<u>Shrader</u>, 761 F.2d at 985-86 (parallel citations omitted).

In the instant case, plaintiffs have not demonstrated that, because of the placement of carabiners on the cell doors in the SHU, conditions are such that plaintiffs have sustained a serious or significant injury or are at unreasonable risk of serious damage to their future health. In short, plaintiffs have not stated a claim that "'the actual conditions of confinement . . . [at ROSP] are cruel and unusual.'" <u>Id.</u> at 986 (citation omitted). The placement of the carabiners, standing alone, does not suffice to allege a condition amounting to cruel and unusual punishment. Notably, unlike the plaintiffs in <u>Shrader</u>, whose claims regarding fire safety were likewise dismissed, plaintiffs in the present case have not alleged any conditions or deficiencies in fire safety that place plaintiffs at risk of harm from a fire, other than the security measure of placing carabiners on the cell doors in the SHU. And, although plaintiffs allege that "local, state and federal fire codes" mandate the removal of the carabiners, <u>Shrader</u> reiterates that "'safety codes do not establish the constitutional minima.'"[5] <u>Id.</u> (citations omitted).

---

[5] The court emphasizes that, in their responses to Baines' grievances below, prison officials maintained that the use of the carabiners is permitted under the relevant building codes. Additionally, the court observes that functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir. 1991).

5

Accordingly, the court finds that plaintiffs have not alleged conditions that amount to cruel and unusual punishment and, therefore, fail to state a claim under the Eighth Amendment.

## III.

## CONCLUSION

Based on the foregoing, the court finds that plaintiffs have not presented any claims that constitute a violation of their constitutional rights. Therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[6]

The plaintiffs are advised that they may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to the plaintiffs.

**ENTER**: This 24th day of April, 2007.

United States District Judge

---

[6] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiffs are hereby advised that this dismissal constitutes a "strike" under § 1915(g).

6